Stephen B. Morris (SBN 126192)
Mark C. Hinkley (SBN 138759)
**MORRIS and ASSOCIATES**
444 West C Street, Suite 300
San Diego, California 92101
Tel: (619) 239-1300
Fax: (619) 234-3672
morris@sandiegolegal.com

Walter Haines (SBN 71075)
**UNITED EMPLOYEES' LAW GROUP, P.C.**
65 Pine Avenue, #312
Long Beach, CA 90802
Tel: (877) 696-8378

Attorneys for Plaintiffs, Richard Kingery

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KINGERY, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a Washington corporation conducting business in the State of California, and Does 1 to 10.<br><br>Defendants. | CASE NO.<br><br>**ORIGINAL COMPLAINT FOR DAMAGES AND RELIEF**<br><br>**1. FAIR LABOR STANDARDS ACT CLAIM**<br><br>**2. FAILURE TO PAY OVERTIME COMPENSATION**<br>[Cal. Lab. Code §§510, 515, 1194, 1198]<br><br>**3. FAILURE TO PROVIDE WAGES WHEN DUE**<br>[Cal. Lab.Code §§201-203];<br><br>**4. FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**<br>[Cal. Lab. Code §226(a)]; and<br><br>**5. UNFAIR COMPETITION**<br>[Cal. Bus. & Prof. Code §17200, *et seq.*]<br><br><u>CLASS ACTION</u><br><br>**DEMAND FOR A JURY TRIAL** |

This class action is brought on behalf of present and former Supervisors and Assistant Managers employed in the United States by Defendant EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.. (hereinafter "EXPEDITORS"). All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein, RICHARD KINGERY, (hereinafter "PLAINTIFF"), and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## PRELIMINARY STATEMENT

1. This is an action for unpaid minimum wages, overtime, and damages brought by Plaintiff on behalf of herself and other similarly situated Supervisors and Assistant Managers who were employed by Defendant in the United States.

2. Plaintiff alleges that the wage violations at issue arose out of a policy and practice of Defendant applicable to other, similarly situated workers. Plaintiff seeks money damages to redress these violations of law.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Venue is proper in this Court because the injuries to the persons complained of herein occurred in the County of San Mateo, California.

# PARTIES

5. Plaintiff RICHARD KINGERY ("PLAINTIFF") alleges that at all material times mentioned herein, he is and was:

    (a) An individual who at all times relevant hereto, resided in the State of California;

    (b) Employed as a Supervisor and Assistant Manager for Defendant EXPEDITORS;

    (c) Who worked more than eight (8) hours in any given day and more than forty (40) hours in any given week;

    (d) Did not receive overtime compensation; and

    (e) Was a member of the CLASS as defined in this Complaint.

6. PLAINTIFF is informed and believes, and alleges upon information and belief, that Defendant EXPEDITORS, at all times during the Class Period was:

    (a) A global logistics company with its main office located in the State of Washington and conducting business throughout the United States and in the County of San Mateo in the State of California;

    (b) The former employer of PLAINTIFF and the current and/or former employer of the putative CLASS members; and

    (c) Failed to pay overtime compensation to all members of the CLASS.

7. Plaintiff KINGERY seeks to bring his claims on behalf of "all Supervisors and Assistant Managers employed in the United States by Defendant during the Claims Period" and will further represent any such individuals who have additional timely claims arising from employment with EXPEDITORS.

## REPRESENTATIVE CLASS ALLEGATIONS

8. This Complaint is brought, in part, as a Representative Action as authorized by the Federal Fair Labor Standards Act (FLSA) at 29 U.S.C. Sec. 216(b).

9. It is the position of counsel for the Plaintiffs that this action is not subject to the requirements and Procedures of Fed.R.Civ.P. 23.

10. The class is so numerous that joinder of all members is impractible.

11. Plaintiff is an adequate representative of the proposed representative CLASS hereunder, because:

   (a) His claims are typical of those of other persons in the represented CLASS;

   (b) He is represented by competent counsel with experience in related litigation; and

   (c) Defendant acted on grounds common to all members of the represented CLASS.

12. Alleged questions common to the CLASS are set forth in detail below.

13. Alleged questions of law arise primarily from Defendant's obligations under the Federal Fair Labor Standards Act. Those questions are common to all the FLSA claims.

14. There is little need for individual represented CLASS members to individually control their claims as the issues are common to all persons and primarily involve common issues of law.

15. Counsel is unaware, after inquiry, of any pending litigation involving this issue with Defendant.

16. This forum is an appropriate forum for concentration of FLSA litigation of claims involving the Defendant as the practice of denying overtime benefits was carried out in this forum and caused injury in this district.

17. No serious difficulties are anticipated in the administration of this matter as a representative action if Defendant promptly cooperates in the provision of information necessary to communicate with potential represented class members.

## FACTS

18. At all times relevant herein, Defendant was an enterprise engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

19. PLAINTIFF alleges he was employed by EXPEDITORS from November 15, 2006 to April 11, 2008 as a Supervisor and/or Assistant Manager.

20. Defendant EXPEDITORS improperly classified PLAINTIFF, and other members of the CLASS, as "exempt." Consequently, the PLAINTIFF, and the other members of the CLASS, were not paid overtime wages for hours worked in excess of eight hours per day and/or forty hours per week. Although classified as exempt, the duties of PLAINTIFF, and other members of the CLASS, do not meet the requirements for exemption from overtime compensation.

21. Throughout the Class Period, EXPEDITORS systematically misclassified PLAINTIFF and every other Supervisor and Assistant Manager who are members of the CLASS as "exempt," when in fact they are not.

22. Accordingly, and despite the fact that PLAINTIFF, and the other members of the CLASS, regularly worked in excess of 8 hours a day and 40 hours per week, they did not receive overtime compensation in violation of the Federal Fair Labor Standards Act (FLSA) and state law overtime requirements for all hours worked in excess of 40 hours per week. The failure to provide such overtime payment to PLAINTIFF deprived him of rights protected under the FLSA and Cal. Lab. Code and Industrial Welfare Commission.

### FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT CLAIM
(By the CLASS and Against all Defendants)

23. Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

24. Defendant violated the Fair Labor Standards Act, 29 U.S.C. §207 and the rights of Plaintiff KINGERY, and other similarly situated Supervisors and

Assistant Managers, for which Plaintiff KINGERY and other similarly situated workers are entitled to relief pursuant to 29 U.S.C. § 216(b). The actions of the Defendant violated provisions as to the overtime requirements of the FLSA.

## SECOND CAUSE OF ACTION

### FOR FAILURE TO PAY OVERTIME COMPENSATION
[Cal. Lab. Code §§510, 515.5, 1194 and 1198]
(By the CLASS and Against all Defendants)

25. Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

26. Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

27. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

28. EXPEDITORS has intentionally and improperly designated certain employees, including PLAINTIFF, and other members of the CLASS, as "exempt" employees to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

29. In particular, the Industrial Welfare Commission Wage Order No.4 sets forth the requirements which must be complied with to place an employee in an exempt category. For an employee to be exempt as a bona fide "executive," all the following criteria must be met:

(a) Whose duties and responsibilities involve the management of the enterprise in which he/He is employed or of a customarily recognized department or subdivision thereof; and

    (b)    Who customarily and regularly directs the work of two or more other employees therein; and

    (c)    Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and

    (d)    Who customarily and regularly exercises discretion and independent judgment; and

    (e)    Who is primarily engaged in duties which meet the test of the exemption. The activities constituting exempt work and non-exempt work shall be construed in the same manner as such items are construed in the following regulations under the Fair Labor Standards Act effective as of the date of this order: 29 C.F.R. Sections 541.102, 541.104-111, and 541.115-16. Exempt work shall include, for example, all work that is directly and closely related to exempt work and work which is properly viewed as a means for carrying out exempt functions. The work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement; and

    (f)    Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. Full-time employment is defined in Labor Code Section 515(c) as 40 hours per week.

30.    The job duties of PLAINTIFF, and other members of the CLASS, do not fit the definition of either an exempt executive, administrative, or professional employee because:

(a) Less than fifty percent (50%) of their work hours are spent on managerial or administrative (exempt) duties;

(b) More than fifty percent (50%) of their work hours are spent performing non exempt duties, including but not limited to pricing/program recommendations, supervising, training, vendor relations, and accounting;

(c) They do not have discretion or independent judgment;

(d) They do not have the authority to hire and fire other personnel; and

(e) None of the exemptions articulated in Wage Order No.4, nor do the exemptions articulated in Cal. Lab. Code §515, apply to the PLAINTIFF, or to the other members of the CLASS.

31. At all times relevant hereto, from time to time, the PLAINTIFF, and the other members of the CLASS, have worked more than eight hours in a workday, and/or more than forty hours in a work week.

32. At all times relevant hereto, Defendant EXPEDITORS failed to pay PLAINTIFF, and the other members of the CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198. In fact, PLAINTIFF, and the other members of the CLASS, were regularly required to work overtime hours.

33. By virtue of EXPEDITORS'S unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CLASS, for their overtime hours, the PLAINTIFF, and the other members of the CLASS, have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

34. PLAINTIFF, and the other members of the CLASS, are informed and believe, and based upon that information and belief allege, that EXPEDITORS knew or should have known that PLAINTIFF, and the other members of the CLASS, did

not qualify as exempt employees and purposely elected not to pay them for their overtime labor.

35. PLAINTIFF, and the other members of the CLASS, request recovery of overtime compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§ 218.5 and 1194(a), as well as the assessment of any statutory penalties against Defendant EXPEDITORS, in a sum as provided by the Cal. Lab. Code and/or other statutes. Further, PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

### THIRD CAUSE OF ACTION

**FOR FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS**
**[Cal. Lab. Code §§ 226.7 and 512]**
**(By the CLASS and Against All Defendants)**

36. Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

37. Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

38. Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each five (5) hours of work that the meal period is not provided.

39. EXPEDITORS has intentionally and improperly denied meal periods to PLAINTIFF, and other members of the CLASS, in violation of Cal. Lab. Code §§226.7 and 512.

40. At all times relevant hereto, PLAINTIFF, and other members of the CLASS, have worked more than five hours in a workday. At all relevant times hereto, EXPEDITORS has failed to provide meal periods as required by Cal. Lab.

Code §§ 226.7 and 512.

41. Cal. Lab. Code § 226.7 provides that employers shall authorize and permit employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.

42. Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

43. EXPEDITORS has intentionally and improperly denied rest periods to PLAINTIFF, and other members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.

44. At all times relevant hereto, the PLAINTIFF, and other members of the CLASS, have worked more than four hours in a workday. At all times relevant hereto, EXPEDITORS failed to provide rest periods as required by Cal. Lab. Code §§ 226.7 and 512.

45. By virtue of EXPEDITORS' unlawful failure to provide rest periods to them, PLAINTIFF, and other members of the CLASS, have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

46. PLAINTIFF, and the other members of the CLASS, are informed and believe, and based upon that information and belief allege, that EXPEDITORS knows or should have known that the PLAINTIFF, and the other members of the CLASS, were entitled to meal periods and rest periods but purposely elected not to provide these mandated periods.

47. PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and 512.

## FOURTH CAUSE OF ACTION

### For Failure to Pay Wages When Due
### [Cal. Lab. Code § 203]
### (By the CLASS and Against All DEFENDANTS)

48. Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

49. Cal. Lab. Code § 200 provides that:

> As used in this article:
>
> (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.
>
> (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

50. Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or He so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of

quitting.

51. Cal. Lab. Code § 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

52. Many of the CLASS member's employment has been terminated and DEFENDANT has not tendered restitution of wages owed.

53. Therefore, as provided by Cal. Lab. Code § 203, on behalf of himself and the members of the CLASS, PLAINTIFF demands thirty (30) days of pay as penalty for not paying all wages due at the time of termination for all employees whose employment terminated during the CLASS PERIOD and demand an accounting and payment of all wages due, plus interest, as provided by Cal. Lab. Code § 218.6 plus attorneys fees and interest as allowed by law.

### FIFTH CAUSE OF ACTION

**Failure to Provide Accurate Itemized Statements**
**[Cal. Lab. Code § 226]**
**(By the CLASS and against All Defendants)**

54. Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

55. Cal. Lab. Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

    (1)    gross wages earned,

    (2)    total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is

        exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

  (3)   the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

  (4)   all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

  (5)   net wages earned,

  (6)   the inclusive dates of the period for which the employee is paid,

  (7)   the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

  (8)   the name and address of the legal entity that is the employer, and

  (9)   all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

56.   At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226, in that DEFENDANT failed to properly and accurately itemize the number of hours worked by PLAINTIFF, and the other members of the CLASS at the effective regular rates of pay and the effective overtime rates of pay.

57.   DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing damages to PLAINTIFF, and the other members of the CLASS. These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CLASS seek to recover liquidated damages of $50.00 for the initial pay period in which the violation

1  occurred, and $100.00 for each violation in subsequent pay period pursuant to Cal.
2  Lab. Code § 226, in an amount according to proof at the time of trial (but in no event
3  more than $4,000.00 for PLAINTIFF and each respective member of the CLASS
4  herein) plus reasonable attorney's fees and costs pursuant to Cal. Lab. Code §
5  226(g).

### SIXTH CAUSE OF ACTION

**For Unlawful Business Practices**
**[Cal. Bus. And Prof. Code §§ 17200 et seq.]**
**(By the CLASS and against All Defendants)**

58.  Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

59.  EXPEDITORS is a "person" as that term is defined under Cal. Bus. and Prof. Code §17201.

60.  Cal. Bus. and Prof. Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

61.  At all times relevant hereto, by and through the conduct described herein, EXPEDITORS has engaged in unfair and unlawful practices by failing to pay PLAINTIFF, and the other members of the CLASS, overtime compensation, and has failed to provide meal and rest breaks, pursuant to the applicable Cal.. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. and Prof. Code § 17200 et seq., and has thereby deprived PLAINTIFF, and the other members of the CLASS, of fundamental rights and privileges.

62.  By and through the unfair and unlawful business practices' described herein, EXPEDITORS has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

63.  All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in

1  violation of public policy; and in addition are immoral, unethical, oppressive, and
2  unscrupulous, and thereby constitute unfair and unlawful business practices in
3  violation of Cal. Bus. And Prof. Code § 17200 et seq.
4     64.  PLAINTIFF, and the other members of the CLASS, are entitled to, and
5  do, seek such relief as may be necessary to restore to them the money and property
6  which Defendant EXPEDITORS has acquired, or of which PLAINTIFF, and other
7  members of the CLASS, have been deprived, by means of the above described unfair
8  and unlawful business practices.
9     65.  PLAINTIFF, and the other members of the CLASS, are further entitled
10 to, and do, seek a declaration that the above described business practices are unfair
11 and unlawful and that an injunctive relief should be issued restraining EXPEDITORS
12 from engaging in any of the above described unfair and unlawful business practices
13 in the future.
14    66.  PLAINTIFF, and the other members of the CLASS, have no plain,
15 speedy, and/or adequate remedy at law to redress the injuries which they have
16 suffered as a consequence of the unfair and unlawful business practices of
17 EXPEDITORS. As a result of the unfair and unlawful business practices described
18 above, PLAINTIFF, and the other members of the CLASS, have suffered and will
19 continue to suffer irreparable harm unless EXPEDITORS is restrained from
20 continuing to engage in these unfair and unlawful business practices. In addition,
21 EXPEDITORS should be required to disgorge the unpaid moneys to PLAINTIFF,
22 and the other members of the CLASS.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

**ON FIRST CAUSE OF ACTION**

1. Certify this as a FLSA representative action on behalf of "all Supervisors and Assistant Managers employed by Defendant in the United States during the claim period."
2. Grant judgment in favor of PLAINTIFF and all similarly situated workers awarding them their unpaid regular wages and overtime, and an equal amount of liquidated damages.
3. Award PLAINTIFFS their costs of court and reasonable attorney's fees pursuant to the Fair Labor Standards Act.

### ON SECOND CAUSE OF ACTION

1. For compensatory damages, including lost wages, commissions, bonuses, and other losses, during the period commencing on the date that is within four years prior to the filing of this Complaint according to proof;
2. For general damages, according to proof;
3. For an award of interest, including prejudgment interest at the legal rate;
4. For statutory damages, including reasonable attorneys' fees and cost of suit.

### ON THIRD CAUSE OF ACTION

1. One hour of pay for each workday in which a rest period was not provided for each four hours of work during the period commencing on the date that is within four years prior to the filing of this Complaint, provided, however, that if the Supreme Court in the Kenneth Cole Productions case, S140308, determines that Labor Code 226.7 is subject to a one year limitations period, then PLAINTIFFS seek penalties for the year preceding filing of the complaint and until the class is certified;
2. One hour of pay for each five (5) hours of work in which a meal period

was not provided;

3. For attorneys' fees and costs.

### ON FOURTH CAUSE OF ACTION

1. For thirty days of pay as a penalty for not paying all wages due at the time of termination of employment for Plaintiff and members of the CLASS whose employment terminated within three years of the filing of the complaint until the date of entry of judgment as provided for by Cal. Lab. Code §§ 201 -203;

2. For attorneys' fees and costs.

### ON FIFTH CAUSE OF ACTION

1. For liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Cal. Lab. Code § 226 (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CLASS herein);

2. For attorney's fees and costs.

### SIXTH CAUSE OF ACTION

1. For restitution and/or restitutionary disgorgement;

2. For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper;

3. For other injunctive relief ordering EXPEDITORS to notify the CLASS that they have not been paid the proper amounts required in accordance with California law.

## ON ALL CAUSES OF ACTION

1. For such other and further relief as the Court deems just and proper.

Dated: May 14, 2008

MORRIS AND ASSOCIATES

By: *Stephen Morris*
STEPHEN B. MORRIS
Attorneys for Class Plaintiffs

## DEMAND FOR JURY TRIAL

PLAINTIFF demands jury trial on all issues triable to a jury.

Dated: May 14, 2008

MORRIS AND ASSOCIATES

By: *Stephen Morris*
STEPHEN B. MORRIS
Attorneys for Class Plaintiffs

Additional Counsel:

**UNITED EMPLOYEES LAW GROUP**
Walter Haines, Esq. (SBN #71075)
65 Pine Ave, #312
Long Beach, California 90802
Telephone:(877) 696-8378
Facsimile: (562) 256-1006