LUANNE SACKS (Bar No. 120811)
luanne.sacks@dlapiper.com
CARTER W. OTT (Bar No. 221660)
carter.ott@dlapiper.com
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, CA 94107-1957
Tel: 415.836.2500
Fax: 415.836.2501

Attorneys for Defendant
EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KINGERY, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a Washington corporation conducting business in the State of California, and Does 1 to 10,<br><br>        Defendant. | CASE NO. 08 CV 02510 SC<br><br>**ANSWER TO ORIGINAL COMPLAINT FOR DAMAGES AND RELIEF** |

Defendant Expeditors International Of Washington, Inc. ("Expeditors") responds to the Original Complaint For Damages And Relief (the "Complaint") as follows. Paragraph numbers in this Answer correspond to the paragraph numbers of the Complaint, and respond to each accordingly.

Expeditors denies the allegations contained in the non-numbered, first paragraph of the Complaint (2:1-8) at page 2, lines 6 through 8. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the non-numbered, first paragraph of the Complaint (2:1-8), and on that basis denies them.

## PRELIMINARY STATEMENT

1. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and on that basis denies them.

2. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and on that basis denies them.

## JURISDICTION

3. Expeditors admits the allegations of paragraph 3.

## VENUE

4. Expeditors denies that any person suffered injuries in the County of San Mateo, in the State of California, or otherwise as alleged in the Complaint. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and on that basis denies them.

## PARTIES

5. Expeditors responds to the allegations contained in paragraph 5 and the subparagraphs of paragraph 5 as follows:

    a. Expeditors admits that Plaintiff Richard Kingery is an individual. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5(a), and on that basis denies them.

/////

/////

      b.     Expeditors admits that Plaintiff Richard Kingery was employed by Expeditors. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5(b), and on that basis denies them.

      c.     Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5(c), and on that basis denies them.

      d.     Expeditors denies the allegation of paragraph 5(d) insofar as "material times" refers to the period during which Plaintiff Richard Kingery was employed by Expeditors and before he was classified as an employee exempt from the mandatory payment of overtime compensation. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5(d) because Plaintiff failed to define "material times," and on that basis denies them.

      e.     Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5(e) because Plaintiff failed to define "CLASS," and on that basis denies them.

6.     Expeditors responds to the allegations contained in paragraph 6 and the subparagraphs of paragraph 6 as follows:

      a.     Expeditors admits that it is currently a global logistics company with its principal place of business in the State of Washington. Expeditors also admits that it currently conducts business in many locations in the United States, including in the County of San Mateo, located in the State of California. Expeditors denies the remaining allegations of paragraph 6(a).

      b.     Expeditors admits that Plaintiff Richard Kingery was employed by Expeditors. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6(b) because Plaintiff failed to define "CLASS" and "Class Period," and on that basis denies them.

      c.     Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6(c) because Plaintiff failed to define "CLASS" and "Class Period," and on that basis denies them. Expeditors denies that it failed to pay overtime compensation to employees entitled to such compensation.

7. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 because Plaintiff failed to define "Claims Period," and on that basis denies them.

**REPRESENTATIVE CLASS ALLEGATIONS**

8. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies them.

9. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies them.

10. Plaintiff failed to define the "class," but regardless of how Plaintiff may envision a class, Expeditors denies that joinder would be impracticable.

11. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors responds to the allegations in the subparagraphs of paragraph 11 as follows:

   a. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11(a) because Plaintiff failed to define "CLASS," and on that basis, and on the basis that Plaintiff was properly classified, denies them.

   b. Expeditors is without knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 11(b), and on that basis denies them.

   c. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11(c) because Plaintiff failed to define "CLASS," and on that basis, and on the basis that Expeditors does not uniformly classify "Supervisors" and "Assistant Managers" as exempt, denies them.

12. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 because Plaintiff failed to define "CLASS," and on that basis denies them.

/////

/////

1     13.     Expeditors denies the allegations of paragraph 13.

2     14.     Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 because Plaintiff failed to define "CLASS," and on that basis denies them.

3     15.     Expeditors admits that it is not currently a defendant in an action alleging any of the claims alleged in the above-captioned action. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and on that basis denies them.

4     16.     Expeditors denies that it had a practice of denying overtime benefits or caused any injury as alleged in the Complaint. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and on that basis denies them.

5     17.     Expeditors denies the allegations of paragraph 17.

**FACTS**

6     18.     Expeditors admits the allegations of paragraph 18.

7     19.     Expeditors admits that it employed Plaintiff Richard Kingery from July 12, 2004 to April 11, 2008. Expeditors denies the remaining allegation in paragraph 19.

8     20.     Expeditors denies the allegations of paragraph 20.

9     21.     Expeditors denies the allegations of paragraph 21 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 because Plaintiff failed to define "CLASS" and "Class Period," and on that basis denies them. Expeditors denies it misclassified any employees.

10     22.     Expeditors denies the allegations of paragraph 22 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 because Plaintiff failed to define "CLASS," and on that basis denies them.

/////

/////

# FIRST CAUSE OF ACTION

## (Fair Labor Standards Act Claim)

23. Expeditors refers to its answers to paragraphs 1 through 22 of the Complaint and incorporates these paragraphs by reference.

24. Expeditors denies the allegations of paragraph 24.

# SECOND CAUSE OF ACTION

## (For Failure To Pay Overtime Compensation)

25. Expeditors refers to its answers to paragraphs 1 through 24 of the Complaint and incorporates these paragraphs by reference.

26. California Labor Code section 510 speaks for itself. Expeditors denies the allegations of paragraph 26.

27. California Labor Code sections 1194 and 1198 speak for themselves. Expeditors denies the allegations of paragraph 27.

28. Expeditors denies the allegations of paragraph 28 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors denies it misclassified any employees.

29. Industrial Welfare Commission Wage Order No. 4, section 1(A) speaks for itself. Expeditors denies the allegations of paragraph 29 and responds to the subparagraphs of paragraph 29 as follows:

    a. Industrial Welfare Commission Wage Order No. 4, section 1(A)(a) speaks for itself. Expeditors denies the allegations of paragraph 29(a).

    b. Expeditors admits that paragraph 29(b) accurately states the contents of subparagraph (b) of Industrial Welfare Commission Wage Order No. 4, section 1(A).

    c. Expeditors admits that paragraph 29(c) accurately states the contents of subparagraph (c) of Industrial Welfare Commission Wage Order No. 4, section 1(A).

    d. Expeditors admits that paragraph 29(d) accurately states the contents of subparagraph (d) of Industrial Welfare Commission Wage Order No. 4, section 1(A).

      e.    Industrial Welfare Commission Wage Order No. 4, section 1(A)(e) speaks for itself. Expeditors denies the allegations of paragraph 29(e).

      f.    Expeditors admits that paragraph 29(f) accurately states the contents of subparagraph (f) of Industrial Welfare Commission Wage Order No. 4, section 1(A).

30.    Expeditors denies the allegations of paragraph 30 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors responds to the subparagraphs of paragraph 30 as follows:

      a.    Expeditors denies the allegations of paragraph 30(a).

      b.    Expeditors denies the allegations of paragraph 30(b).

      c.    Expeditors denies the allegations of paragraph 30(c).

      d.    Expeditors denies the allegations of paragraph 30(d).

      e.    Expeditors denies the allegations of paragraph 30(e) as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30(e) because Plaintiff failed to define "CLASS," and on that basis denies them..

31.    Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 because Plaintiff failed to define "CLASS" and because the phrases "[a]t all relevant times hereto" and "from time to time" are inconsistent, and on that basis denies them.

32.    Expeditors denies that it violated California Labor Code sections 510 and 1198. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 because Plaintiff failed to define "CLASS," and on that basis denies them.

33.    Expeditors denies the allegations of paragraph 33 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 because Plaintiff failed to define "CLASS," and

/////

1  on that basis denies them. Expeditors denies it failed to pay overtime to those employees entitled
2  to such compensation.

3  34. Expeditors denies the allegations of paragraph 34 as they relate to Plaintiff Richard
4  Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the
5  truth of the remaining allegations in paragraph 34 because Plaintiff failed to define "CLASS," and
6  on that basis denies them. Expeditors denies it misclassified any employees.

7  35. Expeditors denies the allegations of paragraph 35 as they relate to plaintiff Richard
8  Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the
9  truth of the remaining allegations in paragraph 35 because Plaintiff failed to define "CLASS," and
10 on that basis denies them.

## THIRD CAUSE OF ACTION

**(For Failure To Provide Meal Periods And Rest Periods)**

13  36. Expeditors refers to its answers to paragraphs 1 through 35 of the Complaint and
14  incorporates these paragraphs by reference.

15  37. California Labor Code sections 226.7 and 512 speak for themselves. Expeditors
16  denies the allegations of paragraph 37.

17  38. California Labor Code section 226.7 speaks for itself. Expeditors denies the
18  allegations of paragraph 38.

19  39. Expeditors denies the allegations of paragraph 39.

20  40. Expeditors denies that it has failed to provide meal periods as required by
21  California Labor Code sections 226.7 and 512. Expeditors is without knowledge or information
22  sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 because
23  Plaintiff failed to define "CLASS," and on that basis denies them.

24  41. California Labor Code section 226.7 speaks for itself. Expeditors denies the
25  allegations of paragraph 41.

26  42. California Labor Code section 226.7 speaks for itself. Expeditors denies the
27  allegations of paragraph 42.

28  /////

43. Expeditors denies the allegations of paragraph 43 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors denies it failed to provide rest periods as required.

44. Expeditors denies that it has failed to provide rest periods as required by California Labor Code sections 226.7 and 512. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 because Plaintiff failed to define "CLASS," and on that basis denies them.

45. Expeditors denies the allegations of paragraph 45 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors denies it failed to provide rest periods as required.

46. Expeditors denies the allegations of paragraph 46 as they relate to Plaintiff Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors denies it failed to provide rest periods as required.

47. Expeditors denies the allegations of paragraph 47 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 because Plaintiff failed to define "CLASS," and on that basis denies them.

**FOURTH CAUSE OF ACTION**

**(For Failure To Pay Wages When Due)**

48. Expeditors refers to its answers to paragraphs 1 through 47 of the Complaint and incorporates these paragraphs by reference.

49. Expeditors admits that paragraph 49 accurately states the contents of California Labor Code section 200.

50. Expeditors denies the allegations of paragraph 50.

/////

51.     Expeditors admits that paragraph 51 accurately states a portion of California Labor Code section 203.

52.     Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 because Plaintiff failed to define "CLASS," and on that basis denies them.

53.     Expeditors denies the allegations of paragraph 53 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 because Plaintiff failed to define "CLASS," and on that basis denies them.

## FIFTH CAUSE OF ACTION

**(Failure To Provide Accurate Itemized Statements)**

54.     Expeditors refers to its answers to paragraphs 1 through 53 of the Complaint and incorporates these paragraphs by reference.

55.     California Labor Code section 226 speaks for itself.  Expeditors denies the allegations of paragraph 55.

56.     Expeditors denies the allegations of paragraph 56 as they relate to Plaintiff Richard Kingery.  Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 because Plaintiff failed to define "CLASS," and on that basis denies them.

57.     Expeditors denies the allegations of paragraph 57 as they relate to Plaintiff Richard Kingery.  Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 because Plaintiff failed to define "CLASS," and on that basis denies them.

## SIXTH CAUSE OF ACTION

**(For Unlawful Business Practices)**

58.     Expeditors refers to its answers to paragraphs 1 through 57 of the Complaint and incorporates these paragraphs by reference.

/////

59.     Expeditors admits the allegations of paragraph 59.

60.     California Business and Professions Code section 17200 speaks for itself. Expeditors denies the allegations of paragraph 60.

61.     Expeditors denies the allegations of paragraph 61 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors denies it failed to pay overtime to entitled employees and denies it failed to provide rest breaks as required.

62.     Expeditors denies the allegations of paragraph 62 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors denies it engaged in unfair or unlawful business practices.

63.     Expeditors denies the allegations of paragraph 63.

64.     Expeditors denies the allegations of paragraph 64 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors denies it engaged in unfair or unlawful business practices.

65.     Expeditors denies the allegations of paragraph 65 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors denies it engaged in unfair or unlawful business practices.

66.     Expeditors denies the allegations of paragraph 66 as they relate to Plaintiff Richard Kingery. Expeditors is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 because Plaintiff failed to define "CLASS," and on that basis denies them. Expeditors denies it engaged in unfair or unlawful business practices.

/////

/////

/////

DLA PIPER US LLP
SAN FRANCISCO

WEST\21462295.1

-11-
ANSWER TO ORIGINAL COMPLAINT FOR DAMAGES AND RELIEF
CASE NO. 08 CV 02510 SC

**AFFIRMATIVE DEFENSES**

Expeditors asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to constitute a valid cause of action against Expeditors.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to the limitations set forth in California Code of Civil Procedure sections 337, 338, 339, and 340; California Business and Professions Code section 17208; California Labor Code section 1194; and 29 U.S.C. section 255.

### THIRD AFFIRMATIVE DEFENSE
(Good Faith)

Plaintiff's claims are barred in that Expeditors has at all times acted in good faith and without malice toward the Plaintiff and in accordance with applicable law.

### FOURTH AFFIRMATIVE DEFENSE
(Substantial Compliance)

Plaintiff's claims against Expeditors are barred by the doctrine of substantial compliance.

### FIFTH AFFIRMATIVE DEFENSE
(Damages Speculative)

Based on Plaintiff's Complaint, the damages alleged are speculative and are therefore barred.

### SIXTH AFFIRMATIVE DEFENSE
(No Prejudgment Interest)

Plaintiff is not entitled to prejudgment interest in this matter because he is not entitled to recover any damages giving rise to such interest or any damages at all. Cal. Civ. Code § 3287.

### SEVENTH AFFIRMATIVE DEFENSE
(No Equitable Relief)

Plaintiff is not entitled to equitable relief because he has failed to avail himself of or exhaust plain, adequate or complete remedies of laws available to him under the provisions of applicable state or federal law.

### EIGHTH AFFIRMATIVE DEFENSE
(Conduct Not "Unlawful," "Unfair," or "Fraudulent")

Plaintiff's claim under California Business and Professions Code section 17200 *et seq.* is barred because Expeditor's actions were not unfair, unlawful, fraudulent, or likely to mislead;

Expeditor's conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations; and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

### NINTH AFFIRMATIVE DEFENSE
(Exempt Status)

Plaintiff is barred from asserting each and every purported claim alleged in the Complaint, or from recovering any damages thereunder, because he was exempt from the payment of overtime pursuant to the Fair Labor Standards Act or the California Labor Code, including but not limited to the applicable Industrial Welfare Commission Wage Orders, and he is therefore not entitled to receive overtime compensation.

### TENTH AFFIRMATIVE DEFENSE
(Lack of Standing)

Plaintiff lacks standing to bring any of the purported claims alleged in the Complaint as a class action, collective action, an action brought on behalf of the general public, or as a representative of a purported class of "similarly situated" yet unnamed plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE
(Unique Defenses)

This action is not one brought by a typical or adequate representative because Expeditors has defenses unique to Plaintiff and his claims.

### TWELFTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff's Complaint is barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiff has engaged in conduct and activities with respect to the subject matter of this dispute by reason of which it is estopped to assert any claims or demands against Expeditors.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Waiver)

Plaintiff has engaged in conduct and activities with respect to the subject matter of this dispute by reason of which he has waived any claims or demands against Expeditors.

### FIFTEENTH AFFIRMATIVE DEFENSE
(No Grounds for Attorneys' Fees)

Plaintiff's prayer for attorneys' fees is barred to the extent Plaintiff does not satisfy the requirements of the California Civil Code and other applicable rules or statutes.

/////

### SIXTEENTH AFFIRMATIVE DEFENSE
(Reciprocity of Attorneys' Fees and Costs)

Expeditors denies that Plaintiff has any basis for a recovery of attorneys' fees or costs in this action; however, without in any way admitting or acknowledging that Plaintiff is or could be entitled to such attorneys' fees and costs should Plaintiff prevail in this action, Expeditors asserts that it is entitled to recover attorneys' fees and costs incurred in retaining counsel to defend this lawsuit.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Right to Assert Additional Defenses)

Expeditors presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses. Expeditors reserves the right to assert additional defenses in the event discovery indicates that additional affirmative defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Expeditors prays for the following relief:

1. That the Complaint be dismissed in its entirety with prejudice and that all relief requested by Plaintiff be denied with prejudice;

2. That Expeditors be awarded costs, attorneys' fees, and any other relief, both legal and equitable, to which it may be justly entitled or that the Court deems just and proper.

Dated: July 7, 2008

                                      DLA PIPER US LLP

                                      By          /s/ Luanne Sacks
                                            LUANNE SACKS
                                            Attorneys for Defendant
                                            EXPEDITORS INTERNATIONAL OF
                                            WASHINGTON, INC.