1  LUANNE SACKS (CA Bar No. 120811)
   luanne.sacks@dlapiper.com
2  CARTER W. OTT (CA Bar No. 221660)
   carter.ott@dlapiper.com
3  DLA PIPER US LLP
   153 Townsend Street, Suite 800
4  San Francisco, CA  94107-1957
   Tel:  415.836.2500
5  Fax:  415.836.2501

6  STELLMAN KEEHNEL (Admitted *Pro Hac Vice*)
   Washington Bar No. 9309
7  stellman.keehnel@dlapiper.com
   KIT W. ROTH (Admitted *Pro Hac Vice*)
8  Washington Bar No. 33059
   kit.roth@dlapiper.com
9  R. OMAR RIOJAS (Admitted *Pro Hac Vice*)
   Washington Bar No. 35400
10 omar.riojas@dlapiper.com
   PATRICK T. JORDAN (Admitted *Pro Hac Vice*)
11 Washington Bar No. 40292
   patrick.jordan@dlapiper.com
12 DLA PIPER US LLP
   701 Fifth Avenue, Suite 7000
13 Seattle, WA  98104-7044
   Tel: 206.839.4800
14 Fax: 206.839.4801

15 Attorneys for Defendant
   EXPEDITORS INTERNATIONAL OF
16 WASHINGTON, INC.

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                       SAN FRANCISCO DIVISION

| | |
|---|---|
| 20  RICHARD KINGERY, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>22             Plaintiff(s),<br><br>23        v.<br><br>24  EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a Washington corporation conducting business in the State of California, and Does 1 to 10,<br><br>26             Defendant(s). | CASE NO.  3:08-cv-02510-SC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

27
28

Plaintiff Richard Kingery ("Plaintiff") and Defendant Expeditors International of Washington, Inc. ("Defendant") submit this Joint Case Management Statement in connection with the Case Management Conference scheduled for September 5, 2008.

**1.   Jurisdiction and Service:**

This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337. The Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). There is no current issue regarding personal jurisdiction or venue. All parties have been served in this action.

**2.   Facts:**

Plaintiff brings this action on behalf of all Assistant Managers and Supervisors designated as exempt and employed by Defendant in the United States at any time during the relevant claims period, *i.e.*, two years prior to the date upon which the Complaint was filed. Plaintiff alleges six causes of action: (1) violation of the overtime requirements of the Fair Labor Standards Act ("FLSA"); (2) violation of the California Labor Code requirements for overtime; (3) violation of California Labor Code requirements for meal and rest periods; (4) violation of California Labor Code requirements for payment of wages at termination; (5) violation of California Labor Code requirements for itemized statements; and (6) for unlawful business practices. The principal factual issue in dispute is whether Plaintiff was classified correctly.

Defendant denies liability. Defendant contends that Plaintiff was classified correctly and that Plaintiff's lawsuit should not be maintained as a collective action or class action.

**3. Legal Issues:**

The legal issues in dispute are as follows:

(1)   Whether Plaintiff was correctly classified as an exempt employee under the FLSA (29 U.S.C. § 207) and California state law (Cal. Lab. Code §§ 510, 515.5, 1194, and 1198)?

(2)   Whether putative class members were/are correctly classified as exempt employees under the FLSA (29 U.S.C. § 207) and California state law (Cal. Lab. Code §§ 510, 515.5, 1194, and 1198)?

(3)     Whether this action is maintainable as a collective action pursuant to the FLSA?

(4)     Whether Plaintiff and other Assistant Managers and Supervisors are similarly situated under 29 U.S.C. § 216(b) and Rule 23 and whether Plaintiff and Plaintiff's counsel satisfy the requirements generally for class treatment, including, but not limited to, numerosity, adequacy and typicality?

(5)     Whether Defendant violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiff and putative class members?

(6)     Whether Defendant violated California Labor Code § 203 by failing to pay wages at termination to Plaintiff and putative class members?

(7)     Whether Defendant violated California Labor Code § 226 by failing to provide a proper itemized statement to Plaintiff and putative class members?

(8)     Whether Plaintiff and putative class members are entitled to restitution of overtime wages in accordance with California Business & Professions Code § 17200?

**4.     Motions:**

No motions have been filed in this action. Plaintiff intends to move for conditional certification pursuant to the FLSA. Defendant has committed, in return for an early deposition of Plaintiff prior to other activity on the case, to evaluate the possibility of stipulating to conditional certification under FLSA, but Defendant reserves the right to oppose conditional certification.

**5.     Amendment of Pleadings:**

The parties do not anticipate amendment of the pleadings. The parties propose October 2, 2008 as the deadline for amending the pleadings.

**6.     Evidence Preservation:**

Defendant distributed a document preservation memorandum on June 17, 2008.

**7.     Disclosures:**

On August 15, 2008, the parties conducted their Rule 26(f) conference. The parties discussed follow up issues on August 20, 2008. The parties agreed to limit initial disclosures to the FLSA conditional certification issue at this time. The parties will exchange their initial disclosures on August 29, 2008.

**8.     Discovery:**

No discovery has occurred. The parties will propose a stipulated protective order upon the commencement of discovery.

At present, the parties will seek discovery regarding FLSA conditional certification issues and the parties agree that other discovery relevant to the FLSA claim class issues and all discovery relevant to Plaintiff's Rule 23 California state law claims will be deferred until FLSA conditional certification is resolved and the opt-in period relevant to any such conditionally certified class has expired.

Plaintiff's counsel has agreed to produce Plaintiff for deposition in September or early October. Following completion and analysis of Plaintiff's deposition, Defendant will inform Plaintiff whether it will stipulate to FLSA conditional certification.

Plaintiff will not propound any discovery on Defendant or non-parties prior to the completion of Plaintiff's deposition, to enable the parties to avoid the expense and effort of such discovery in the event that Defendant agrees to stipulate to conditional certification.

**9.     Class Actions:**

Plaintiff seeks the certification of a class consisting of all Assistant Managers and Supervisors designated as exempt and employed by Defendant in the United States at any time during the relevant claims period, *i.e.*, two years prior to the date upon which the Complaint was filed. Plaintiff will seek conditional certification under the FLSA in October or November of 2008. As noted above, Defendant maintains that this action should not proceed as a collective action in accordance with 29 U.S.C. § 216(b) and Rule 23.

**10.    Related Cases:**

None.

**11.    Relief:**

Plaintiff seeks compensatory and equitable relief for alleged violations of the FLSA and California law. If liability is established, Plaintiff contends that damages should be calculated based on the number of uncompensated overtime hours worked by each class member during the

claims period. Defendant denies that it has violated any laws and denies that Plaintiff is entitled to any damages or equitable relief.

**12.   Settlement and ADR:**

Plaintiff has not yet filed his ADR L.R. 3-5 certification with the Court. Defendant has complied with ADR L.R. 3-5, and filed its certification on August 15, 2008.

**13.   Consent to Magistrate Judge For All Purposes:**

The parties decline to consent to have a Magistrate Judge conduct further proceedings in this action.

**14.   Other References:**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues:**

The parties have agreed to limit discovery and limit initial disclosures to FLSA conditional certification issues for the present. The parties have agreed that discovery relevant to the FLSA claim class issues and discovery relevant to Plaintiff's Rule 23 California state law class claims will be deferred until FLSA conditional certification is resolved and the opt-in period relevant to any such conditionally certified class has expired.

**16.   Expedited Schedule:**

The parties agree that this case cannot be handled on an expedited basis with streamlined procedures, because of the nature of this action and potential for class claims.

**17.   Scheduling:**

Defendants propose the following schedule:

    **FLSA Conditional Certification**

    Discovery cut-off      October 31, 2008

    Last day for hearing regarding conditional class certification      December 12, 2008

    **FLSA Claim Class Issues/State Law Class Claims**

    Non-expert discovery cut-off      April 13, 2009

    Plaintiff's expert disclosures and reports due      April 27, 2009

| | | |
|---|---|---|
| | Defendant's expert disclosures and reports due | May 11, 2009 |
| | Last day to depose Plaintiff's expert(s) | May 28, 2009 |
| | Last day for Plaintiff to submit reply expert reports | June 1, 2009 |
| | Last day to depose Defendant's expert(s) | June 5, 2009 |
| | Last day to depose Plaintiff's reply expert(s) | June 19, 2009 |
| | Hearing on dispositive motions | July 10, 2009 |
| | Pretrial conference | August 7, 2009 |
| | Trial | August 24, 2009 |

**18.  Trial:**

The parties believe that a discussion regarding how this action will be tried and the length of the trial is premature until it is determined whether the action will proceed as a collective action and/or class action or individual action.

**19.  Disclosure of Non-Party Interested Entities or Person:**

Plaintiff filed disclosure of non-party interested entities on August __, 2008.  Defendant filed its disclosure of non-party interested entities and persons on August 28, 2008.

**20.  Such Other Matters as Any Party Considers Conductive to the Just Speedy and Inexpensive Resolution of This Matter:**

The parties do not know of any such matters to suggest at this time.

Dated:  August 29, 2008

MORRIS AND ASSOCIATES                    DLA PIPER US LLP

By  /s/ Stephen B. Morris                         By  /s/ Stellman Keehnel
STEPHEN B. MORRIS                                 LUANNE SACKS
Attorneys for Plaintiff                                    STELLMAN KEEHNEL
RICHARD KINGERY                                   Attorneys for Defendant
                                                                    EXPEDITORS INTERNATIONAL OF
                                                                    WASHINGTON, INC.